**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Matthew Robert DESCAMPS, Defendant–Appellant.**

No. 06–30153.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2007.

Filed Feb. 20, 2007.

Jared C. Kimball, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Philip Edward Nino, Esq., Spokane, WA, for Defendant–Appellant.

---

* The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

Before: FISHER and TALLMAN, Circuit Judges, and MILLS,* District Judge.

MEMORANDUM **

Matthew Descamps was indicted for the crime of felon in possession of a firearm. At a pretrial hearing regarding Descamps' competency, the government presented expert witness testimony that Descamps could assist his attorney in his defense; Descamps' counsel presented expert testimony to the contrary. The district court found that the government had not established by a preponderance of the evidence that Descamps was competent to stand trial and therefore committed Descamps to the custody of the Attorney General for hospitalization for a period not to exceed four months under 18 U.S.C. § 4241(d)(1). Descamps appeals, arguing he is competent to stand trial.

The only issue here is whether the district court clearly erred in its determination that the government failed to establish by a preponderance of the evidence that Descamps could assist his counsel in his defense. *See United States v. Frank,* 956 F.2d 872, 874–75 (9th Cir.1991); *United States v. Hoskie,* 950 F.2d 1388, 1392 (9th Cir.1991). In light of the conflicting expert testimony presented at the competency hearing, the district court found that it was questionable whether Descamps could control his emotions, defer to legitimate authority or respond effectively to multiple stimuli. Neither these findings nor the district court's determination that the government failed to carry its burden of proof are clearly erroneous, as the government itself concedes.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Descamps cannot be hospitalized indefinitely based on this competency hearing. *See* 18 U.S.C. § 4241(d); *see also* 18 U.S.C. § 4246. Government counsel advises us that the district court has extended Descamps' hospitalization under § 4241(d)(2) "for an additional reasonable period of time" and that once this appeal is resolved, Descamps may move for another hearing to address his current competency.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.